Jerome DeLeonardis v. Commissioner.
De Leonardis v. Commissioner
Docket No. 51249.
United States Tax Court
T.C. Memo 1955-140; 1955 Tax Ct. Memo LEXIS 197; 14 T.C.M. (CCH) 520; T.C.M. (RIA) 55140; May 31, 1955
*197 Jerome DeLeonardis, 1512 West Taylor Street, Chicago, Ill., pro se. Andrew Kopperud, Jr., Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The respondent determined a deficiency in the income tax of petitioner in the amount of $370.86 for the year 1950. The petitioner, a resident of Chicago, Illinois, was employed during 1950 by the Diamond T Motor Car and received a salary of $3,572.14. He filed his 1950 income tax return with the collector of internal revenue for the first district of Chicago. In his return he claimed dependency credits for his son, Louis, his mother and his sister, and also itemized deductions totalling $590.89. In determining the deficiency the respondent disallowed the credits claimed for the three dependents. He also disallowed the claimed deductions for lack of substantiation and allowed in lieu thereof the statutory deduction of ten per cent of the adjusted gross income. The petitioner concedes the correctness of the respondent's determination with respect to the deductions but contends that he erred in disallowing the dependency credits. Louis was the son of petitioner by a former marriage. In 1950 *198 he was six years old and attended school. During that year he resided with his mother, Genevieve Di Gristina, with the exception of a vacation period of approximately a month and certain weekends when he was with the petitioner. Genevieve Di Gristina was granted custody of Louis under the terms of a divorce decree which provided that petitioner should pay $10 per week toward the support of Louis except for the periods of time when he was with petitioner. Pursuant to the decree, petitioner paid $480 in 1950 to his former wife for the support of their son. Petitioner, during 1950, expended an additional $240.33 on behalf of Louis in connection with vacation trips to California and Michigan, and for clothes. Genevieve Di Gristi-a and her husband, Phillip Di Gristina, filed an income tax return for the year 1950 and therein claimed a dependency credit for Louis. They both testified as to expenditures made by them during 1950 on behalf of Louis. According to their testimony these expenditures, a part of which was made from the support payments of $480 received from petitioner, totalled $1,415. The expenditures were made for such items as food, rent, gas and heat, electricity, education, *199 hair cuts, insurance, entertainment, toys, clothing, bedroom set, medical expenses, and other miscellaneous items. They produced no receipts to verify these expenditures and they allocated to Louis one-third of the amount which they estimated they expended for food, gas and heat. An examination of their estimated expenditures convinces us that they exceeded by at least $300 the amount actually expended for the support of Louis. We find as a fact that petitioner expended $720.33 for the support of Louis during the year 1950 and that this amount represented more than one-half of the support of this six-year old boy for that year. The respondent, therefore, erred in disallowing the dependency credit claimed for Louis by the petitioner in his 1950 return. During 1950, the petitioner, his mother, his sister, and an uncle lived together in a flat provided rent free by the uncle. The uncle was employed and had income. He did not contribute to the cost of food, or to the cost of utilities, except possibly some of the heat. He had breakfast coffee with the family, but never came home to lunch, and ate dinner at home approximately three times a week. Petitioner's mother performed all of *200 the household duties for the family. During 1950 she had an interest in real property from which she received gross income of $420 and net income of $224. She also received small amounts occasionally from petitioner's uncle. Petitioner's sister was 23 years old in 1950 and earned no income. She was ill and had an asthmatic condition which confined her to the house most of the time. Petitioner gave his mother $130 per month during the year 1950, which was used for food and maintenance of the household, primarily for his mother, sister and himself. The evidence is clear that petitioner contributed more than one-half of his sister's support throughout 1950, and we so find as a fact. The evidence with respect to petitioner's mother is more doubtful. However, taking the entire record into account, we think that the scales tip slightly in favor of petitioner in this connection, and we find as a fact that he furnished more than one-half of his mother's support throughout the year 1950. Accordingly, the claimed dependency credits for petitioner's son, sister, and mother should be allowed. Decision will be entered under Rule 50.